# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. NATHANIEL CUTLER, JR., APPELLANT.

*Disorderly persons and gamesters — who are — Code of Criminal Procedure, sec. 899.*

The defendant kept a public saloon, to which persons resorted for the purpose of playing pool and bagatelle. In some cases the losers were, by the terms of the game, to pay for the use of the apparatus, and in others for the drinks:
*Held,* that the house was a public nuisance at common law, and that persons who resorted to it were gamesters within the meaning of subdivisions 4 and 7 of section 899 of the Code of Civil Procedure.·

APPEAL from a judgment of the Court of Sessions of Westchester county, affirming a judgment of a Court of Special Sessions adjudging the defendant to be a disorderly person and requiring him to enter into a bond, with sureties, for $250.

*A. J. Adams,* for the appellant.

*Nelson H. Baker,* district-attorney, for the people.

GILBERT, J. :

With respect to the technical objections to the judgment appealed from, it will be sufficient to refer to section 764 of the Code of Criminal Procedure. Upon the merits we think the evidence is suf-

ficient to sustain the conviction. The statute (Code Crim. Proc., § 899, subd. 4 and 7) defines disorderly persons; and among the persons so defined, are keepers of houses for the resort of game- sters, and persons who keep in a public place an apparatus or device for the purpose of gaming. The evidence shows that the defend- ant kept a public saloon, to which persons resorted for the purpose of playing a game called pool, and another game called bagatelle.

These games were sometimes played upon the terms that the loser of the game should pay for the use of the gaming apparatus; but at other times the players played for drinks. The house of the defendant, as appears, was kept principally for those purposes. Such a house is a public nuisance at common law (*Tanner* v. *The Trus- tees of Albion*, 5 Hill, 121), and persons who resort there are game- sters within the definition of the Code of Criminal Procedure.

In *Hitchins* v. *The People* (39 N. Y., 456), the Court-of Appeals held that playing games for beer or cigars, was gambling within the meaning of chapter 504 of the Laws of 1851, which prohibited the keeping of a room, etc., to be used for gambling.

That case is in accordance with general principles for the pro- motion of the public welfare, and is decisive of this case.

The conviction must be affirmed.

Present — BARNARD, P. J., GILBERT and DYKMAN JJ.

Conviction and judgment affirmed.